UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| GARRY E. SUTTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 1:18-CV-00183-ERW |
| ) | |
| FRANCISCO QUINTANA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Petitioner Garry Sutton's Petition under 28 U.S.C. § 2241 for Writ of Habeas Corpus [1].

**I. RELEVANT PROCEDURAL HISTORY**

Petitioner Garry Sutton ("Petitioner") was sentenced on December 14, 2006, to 280 months in the Bureau of Prisons, and 5 years supervised release, for being a convicted felon in possession of a firearm. *United States v. Sutton*, Case No. 06-CR-00052-RWS-1, ECF No. 81 (E.D. Mo. Dec. 14, 2006). At sentencing, five of Petitioner's prior convictions were evaluated in calculating enhancement of his sentence under 18 U.S.C. § 924(e), however, because three of the convictions related to the same offense, which may only be counted once, only three of the five convictions qualified. *Id.* at ECF No. 82. Petitioner was subsequently sentenced as an armed career criminal pursuant to those three qualifying convictions, including a second-degree burglary conviction in Missouri, which is at issue here.

On July 27, 2016, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 in the Eastern District of Kentucky. ECF No. 1. In his petition, Petitioner argued he did not qualify as an armed career criminal under 18 U.S.C. § 924(e), the Armed Career Criminal

1

Act ("ACCA"), in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Mathis v. United States*, 136 S. Ct. 894 (2016). ECF No. 1-1 at pg. 3. On September 2, 2016, the District Court for the Eastern District of Kentucky dismissed Petitioner's petition for failing to establish viable grounds for relief, ruling Petitioner's claims could only be asserted under 28 U.S.C. § 2255. ECF No. 5 at pgs. 4-8. The Sixth Circuit Court of Appeals vacated the District Court's order, and remanded on the issue of whether, in light of *Mathis*, Missouri's second-degree burglary statute qualifies as a violent felony. *Sutton v. Quintana,* No. 16-6534, 2017 WL 4677548, *2-3 (6th Cir. July 12, 2017). Subsequently, on July 24, 2018, the District Court for the Eastern District of Kentucky issued a transfer order moving the case to the Eastern District of Missouri. ECF No. 36. In their request for transfer, the Government admitted Petitioner's prior conviction for second-degree burglary no longer qualified under the ACCA, stating:

> [Petitioner]'s argument was given a boost last month when the Eighth Circuit, in *United States v. Naylor* 887 F. 3d 397 (April 5, 2018) [sic] held that prior Missouri convictions for second degree burglary do not qualify as "violent felonies" under the ACCA. This overturned the Court's decision to the contrary in *United States v. Sykes*, 844 F.3d 712 (8th Cir. 2016) [sic]. With the exclusion of [Petitioner]'s prior conviction for second degree burglary, does he have sufficient prior violent felony convictions to support his sentence as an armed career criminal? In short, no.

ECF No. 29 at pg. 3. In the order to transfer, the District Court noted the Government asserted Petitioner likely had a meritorious claim, and thus, the Eastern District of Missouri was better suited to apply the substantive law, and re-sentence Petitioner. ECF No. 36. Following the transfer, the Government reversed its conclusion. The Government now argues Petitioner should not get relief due to Eighth Circuit precedent regarding the use of § 2241. *See* ECF No. 43. This case is before the Court, under § 2241, to determine whether Petitioner's second-degree burglary conviction satisfies the requirements of an armed career criminal designation under 18 U.S.C. § 924(e).

2

## II. RIGHT TO BRING A CLAIM UNDER SECTION 2241

Petitioner is seeking relief under 28 U.S.C. § 2241. The Government contends Petitioner has no right to bring this claim under § 2241, citing a myriad of Eighth Circuit case law on the use of § 2241. *See* ECF No. 43 at § E. However, under the law of the case doctrine, and transfer, the Sixth Circuit's previous ruling in this case on the use of §2241 governs Petitioner's petition.

### a. Transfer and Law of the Case Doctrine

When an action is transferred, it remains as it was, and all further proceedings are referred to another court, leaving untouched what has already been done. *In Re Woodcock,* 301 B.R. 530, 533 (8th Cir. 2003) (citations omitted). Likewise, the law of the case doctrine provides "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983). This doctrine applies to the appellate decision of the Sixth Circuit in this case. *See First Union Nat. Bank v. Pictet Overseas Trust Corp., Ltd.*, 477 F.3d 616, 620 (8th Cir. 2007).

### b. Proceedings in the Present Case

In their decision, the Sixth Circuit detailed why Petitioner was entitled to a hearing of his claim under *Mathis*. *Sutton*, 2017 WL 4677548 at *2. The Court discussed the standard:

> [S]hortly after the district court denied Sutton's petition, we held in *Hill v. Masters*, 836 F.3d 591, 594–95 (6th Cir. 2016), that a petitioner can use a § 2241 petition to challenge his sentence if he can show "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect."
>
> Mathis is a case of statutory interpretation. . .
>
> In addition, Mathis applies retroactively. . . What is more, neither *Mathis* nor *Bess* was available to Sutton when he filed his previous post-conviction motions. . .
>
> [B]ecause Sutton's sentence exceeds the ten-year maximum he would have faced absent ACCA enhancement, its erroneous imposition amounts to a fundamental

3

defect. *See Hill*, 836 F.3d at 597. Sutton's Mathis claim therefore meets all three
Hill requirements and he may thus advance the claim in a § 2241 petition.

*Id*. On remand, the District Court for the Eastern District of Kentucky transferred the case to the Eastern District of Missouri. ECF No. 36.

### c. Analysis

The Court must deal with an issue arising out of the transfer from the Eastern District of Kentucky to the Eastern District of Missouri, namely, the difference in controlling circuit precedent on the applicability of *Mathis*. The question turns on whether the Sixth Circuit's decision allowing Petitioner to move forward using § 2241, under *Mathis*, is affected by transfer to this Court, where the controlling case law treats the use of § 2241 in this manner differently.[1] As held in *In Re Woodcock,* upon transfer, existing action in Petitioner's case is to be left untouched. *In Re Woodcock,* 301 B.R. at 533. Further, *Arizona v. California* and its progeny make clear the Sixth Circuit's ruling in this case should continue to govern the proceedings.[2] *See Arizona*, 460 U.S. at 618.

Thus, under the under the law of the case doctrine, and in light of *In Re Woodcock*, the decision of the Sixth Circuit Court of Appeals regarding the use of § 2241 to invoke *Mathis* governs the proceedings before the Court. Therefore, Petitioner's petition moves forward under § 2241.

---

[1] *Compare Sutton*, 2017 WL 4677548 at *2 (holding "*Mathis* applies retroactively"), *with Martin v. United States*, 904 F.3d 594, 597 (8th Cir. 2018) (holding *Mathis* did not announce a new rule of constitutional law, made retroactive to cases on collateral review).

[2] The underlying intent of the law of the case doctrine is to "prevent[] the relitigation of settled issues in a case, thus protecting the settled expectations of parties, ensuring uniformity of decisions, and promoting judicial efficiency." *First Union Nat. Bank*, 477 F.3d at 620 citing *Little Earth of the United Tribes, Inc. v. United States Dep't of Hous. & Urban Dev.*, 807 F.2d 1433, 1441 (8th Cir. 1986).

## III. EVIDENTIARY BURDEN UNDER *WALKER*

The Government contends, even if Petitioner's claim is properly before the Court, the Petition still fails because Petitioner cannot meet the evidentiary burden established by the Eighth Circuit in *Walker v. United States*. 900 F.3d 1012 (8th Cir. 2018). In *Walker*, the Eighth Circuit found a movant must show by a preponderance of the evidence the residual clause of the ACCA was used to apply the enhancement, based on the rule set out in *Johnson v. United States*[3] by the Supreme Court. *Walker*, 900 F.3d at 1015. There are two alternatively dispositive reasons the evidentiary burden in *Walker* does not prevent Petitioner from succeeding in his petition.

### a. Applicability of Evidentiary Burden

The Government claims the petitioner in *Walker* was in a position "remarkably similar" to Petitioner. ECF No. 43 at pg. 16. This claim is incorrect in light of the Sixth Circuit's previous holding in this case.[4] On appeal from the District Court for the Eastern District of Kentucky's denial of Petitioner's claims presented here, the Sixth Circuit explicitly held under the Circuit's precedent, Petitioner is entitled to use *Mathis*, retroactively, to challenge his sentence. *Sutton*, 2017 WL 4677548 at *2. The evidentiary standard in *Walker* is a question of reliance on *Johnson*. *Walker*, 900 F.3d at 1015. Under the law of the case doctrine and precedent surrounding transfer, Petitioner's claim is properly before the Court under *Mathis*, not *Johnson*. Thus, the holding in *Walker* does not prevent Petitioner from moving forward here. As such, Petitioner's petition moves forward under *Mathis*.

---

[3] *Johnson*, 135 S. Ct. at 2563 (holding the residual clause of the ACCA violated the Constitution's guarantee of due process).
[4] The Government makes no attempt to address the Sixth Circuit's previous holding in this case in its filings opposing Petitioner's petition.

5

### b. Evidentiary Burden Met

Under the standard detailed in *Walker*, "if the district court determines that the record is inconclusive, or if the parties concede that the record does not show that he was sentenced on the basis of the residual clause, we may consider the relevant background legal environment in the first instance to determine if the sentencing court likely relied upon the residual clause." *Lofton v. United States*, No. 17-2847, 2019 WL 1495024, at *3 (8th Cir. Apr. 5, 2019) citing *Golinveaux v United States*, 913 F.3d 564, 568 (8th Cir. 2019). Furthermore, where case law at the time of sentencing identifies the statute in question as an ACCA predicate under the residual clause, the sentencing court likely relied upon the residual clause. *Lofton*, 2019 WL 1495024 at *3-4.

In *United States v. Bell*, the Eighth Circuit held a person convicted of second-degree burglary in Missouri has been convicted of a burglary for the purposes of ACCA enhancement if they are "convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, *a building or structure*, with intent to commit a crime." 445 F.3d 1086, 1090 (8th Cir. 2006). The *Bell* court further noted the Missouri statute fell under the "otherwise involves" provision of the definition of a crime of violence, now commonly referred to as the residual clause. *Id.* at 1088-89. Given the relevant background legal environment, there is historical evidence to show the sentencing court likely relied upon the residual clause in sentencing Petitioner.

The record does not explicitly state Petitioner's sentence was enhanced pursuant to the residual clause of the ACCA. Petitioner was sentenced on December 14, 2006. *Sutton*, Case No. 06-CR-00052-RWS-1 at ECF No. 81. *Bell* was decided over six months prior to Petitioner's sentencing, explicitly holding second-degree burglary in Missouri was considered an ACCA

6

predicate under the residual clause at the time of Petitioner's sentencing. *See Bell*, 445 F.3d at 1090. Pursuant to the Eighth Circuit's guidance in *Lofton*, the *Bell* court's reliance on the residual clause is historical evidence of the background legal environment, likely showing the sentencing court used the residual clause. As such, in the alternative the evidentiary burden applies; the burden is met. Thus, Petitioner's petition moves forward under *Mathis.*

IV. **MERITS OF PETITIONER'S CLAIM UNDER *MATHIS***

Petitioner contends his designation as an armed career criminal is improper because his conviction for second-degree burglary in Missouri does not qualify as a "burglary" for the purposes of the ACCA. In light of *Mathis*, second-degree burglary in Missouri is broader than the locational element of generic burglary under the ACCA, and may not be used for a sentence enhancement. *United States v. Naylor*, 887 F.3d 397, 400 (8th Cir. 2018). Under the Eighth Circuit's ruling in *Naylor*, Petitioner's second-degree burglary conviction in Missouri does not qualify under the ACCA. *Id*. Because Petitioner's armed career criminal status depends on this burglary conviction, Petitioner's sentence enhancement is improper. *See* 18 U.S.C. 924(e). Petitioner's petition is granted.

V. **CONCLUSION**

Petitioner's petition seeks invalidation of his sentence as an armed career criminal in light of *Mathis* under 28 U.S.C. § 2241. The Sixth Circuit Court of Appeals has already ruled Petitioner has a right to use § 2241, under *Mathis*, to challenge his sentence. Subsequent to that ruling, this case was transferred to the Eastern District of Missouri. Thus, pursuant to the law of the case doctrine and rules governing transfer, the Sixth Circuit's ruling on the usability of §2241 continues to govern. As such, the case is properly before the Court under § 2241. Furthermore, when evaluating Petitioner's claim under *Mathis*, the Eighth Circuit's evidentiary burden laid out

in *Walker* does not apply, because *Walker* deals with cases brought in light of *Johnson*, not *Mathis*. Furthermore, because there is historical evidence of the background legal environment, at the time of Petitioner's sentencing, which likely shows the residual clause was used, Petitioner alternatively meets the burden in *Walker*. Lastly, because the Eighth Circuit has held in *Naylor*, second-degree burglary in Missouri may not be used for the purposes of the ACCA, Petitioner's conviction for second-degree burglary in Missouri may not be used to enhance his sentence. Thus, Petitioner's sentence, using his second-degree burglary conviction to designate him an armed career criminal, is improper. Petitioner's petition is therefore granted.

Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** Gary Sutton's Petition under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Custody [1] is **GRANTED**. An order will be entered by the Court in Petitioner's criminal case.

So ordered this 18th day of April, 2019.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE